IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, 1750 New York Avenue, N.W. Washington, D.C. 20006-5387<br><br>                    Plaintiff,<br><br>v.<br><br>ALLIED PAINTING, INC., 321 Leonard Cake Road Franklinville, New Jersey 08322<br><br>                    Defendant. | CASE NUMBER:  1:06CV02112<br><br>JUDGE:  Royce C. Lamberth |

### ANSWER OF DEFENDANT, ALLIED PAINTING, INC. TO PLAINTIFF'S COMPLAINT

Defendant, Allied Painting, Inc., by and through its attorneys, responds to the allegations of Plaintiff's Complaint as follows:

### JURISDICTION

1.     The allegations set forth in Paragraph 1 constitute legal conclusions to which no response is required.

2.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the allegations.

### VENUE

3.     Admitted in part; denied in part.  It is admitted that venue in the District of Columbia is allowed.  It is denied that venue properly lies only in the District of Columbia.

## PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 and therefore denies these allegations.

5. Admitted.

## COMMON FACTS

6. Admitted.

7. Admitted in part; denied in part. Defendant is without knowledge or information sufficient to form a belief as to whether the Trust Agreement or portion of the Plan attached to Plaintiff's Complaint are true and correct copies and therefore denies that this is the case.

8.
   (a) Denied as stated.
   (b) Denied as stated.
   (c) Denied as stated.
   (d) Denied as stated.

9. Denied as stated.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 and therefore denies these allegations.

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PENSION FUND

### v.

### COMPANY

11. Defendant repeats and incorporates its responses to paragraphs 1 through 10 of Plaintiff's Complaint as if fully set forth at length herein.

12. Denied.

13. Denied.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### PENSION FUND

v.

### COMPANY

14. Defendant repeats and incorporates its responses to paragraphs 1 through 10 of Plaintiff's Complaint as if fully set forth at length herein.

15. Denied.

16. Denied.

17. Denied.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

## COUNT III - AUDIT

### PENSION FUND

v.

### COMPANY

18. Defendant repeats and incorporates its responses to paragraphs 1 through 10 of Plaintiff's Complaint as if fully set forth at length herein.

19. Admitted.

20. Denied. All necessary documents are either in the possession of Plaintiff or have been made available to Plaintiff.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 and therefore denies these allegations.

22. Denied as stated.

23. Admitted.

24. Denied.

25. Denied.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

**COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT**

**PENSION FUND**

**v.**

**COMPANY**

26. Defendant repeats and incorporates its responses to paragraphs 1 through 10 and 18 through 25 of Plaintiff's Complaint as if fully set forth at length herein.

27. Denied as stated.

28. Denied.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

**COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT**

**PENSION FUND**

**v.**

**COMPANY**

29. Defendant repeats and incorporates its responses to paragraphs 1 through 10 and 18 through 25 of Plaintiff's Complaint as if fully set forth at length herein.

4

30.   Denied as stated.

31.   Denied.

32.   Denied.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

## COUNT VI - INJUNCTION

## PENSION FUND

## v.

## COMPANY

33.   Defendant repeats and incorporates its responses to paragraphs 1 through 32 of Plaintiff's Complaint as if fully set forth at length herein.

34.   Denied.

35.   Denied.

36.   Denied.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of the damages requested by Plaintiff are not recoverable as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust its administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations or other applicable filing limitations periods.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of laches, waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's Answer with Affirmative Defenses is based on currently available information. Defendant explicitly reserves the right to supplement its Answer and/or Affirmative Defenses during the course of this litigation.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

Respectfully submitted,

ARCHER & GREINER

BY:   /s/ Alexander Nemiroff
     ALEXANDER NEMIROFF
     Bar No. 454408
     DAVID A. RAPUANO*
     One Centennial Square
     Haddonfield, New Jersey 08033
     (856) 795-2121
     Attorneys for Defendant Allied
     Painting, Inc.

Dated: January 16, 2007

*Application for Pro Hac Admission of David A. Rapuano shall be made at the appropriate time.

2455370v2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, 1750 New York Avenue, N.W. Washington, D.C. 20006-5387<br><br>      Plaintiff,<br><br>v.<br><br>ALLIED PAINTING, INC., 321 Leonard Cake Road Franklinville, New Jersey 08322<br><br>      Defendant. | CASE NUMBER:  1:06CV02112<br><br>JUDGE:  Royce C. Lamberth |

**DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS**

2

Defendant, Allied Painting, Inc., by and through its attorneys, provides this certificate required by LCvR 7.1 of the Local Rules of the United States District Court for the District of Columbia:

1.    I, the undersigned counsel of record for Defendant Allied Painting, Inc., certify that to the best of my knowledge and belief, there are no parent companies, subsidiaries or affiliates of Defendant Allied Painting, Inc. which have any outstanding securities in the hands of the public.

2.    These representations are made in order that judges of this court may determine the need for recusal.

    Respectfully submitted,

    ARCHER & GREINER

    BY:   /s/ Alexander Nemiroff
          ALEXANDER NEMIROFF
          Bar No. 454408
          DAVID A. RAPUANO*
          One Centennial Square
          Haddonfield, New Jersey 08033
          (856) 795-2121
          Attorneys for Defendant Allied Painting, Inc.

Dated: January 16, 2007

*Application for Pro Hac Admission of David A. Rapuano shall be made at the appropriate time.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>ALLIED PAINTING, INC.<br><br>Defendant. | CASE NUMBER: 1:06CV02112<br><br>JUDGE: Royce C. Lamberth |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2007, I caused the foregoing Answer of Defendant, Allied Painting, Inc., to Plaintiff's Complaint and Disclosure of Corporate Affiliations and Financial Interests to be electronically filed with the Court and, therefore, the aforementioned documents are available for viewing and downloading from the Electronic Case Filing System.

/s/ Alexander Nemiroff
ALEXANDER NEMIROFF

2455522v1