Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND )
)
)
Plaintiff, ) CIVIL ACTION NO. 06-2112 (RCL)
v. )
)
ALLIED PAINTING, INC. )
)
Defendant. )

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3(d)**

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund," "Fund," or "Plaintiff"), and Defendant, Allied Painting, Inc. ("Allied Painting," "Company" or "Defendant), hereby jointly submit this Joint Report pursuant to the Court's January 18, 2007 Order. The parties have conferred about matters pertaining to this case prior to the submission of this joint report.

I. Brief Statements of the Case: The parties hereby submit their respective brief statements of the case:

(a) Plaintiff's Statement of the Case: The Pension Fund claims Allied Painting is bound to collective bargaining agreements with various district councils and local unions affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC and is also bound to the National Bridge and Tunnel Agreement (all of the agreements being referred to jointly as "Labor Contracts") The Pension Fund further claims that, under the terms of the Labor Contracts, Allied Painting is bound to the terms and conditions of the terms of the Agreement and Declaration of trust of the Pension Fund ("Trust Agreement") and the rules and regulations governing the payment of contributions as set out in the International Painters and Allied Trades Industry Pension Plan ("Plan"). Under the terms of the Labor Contracts, Trust Agreement, rules

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete


and regulations and pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Allied Painting is required (i) to make monthly fringe benefit contribution payments to Pension Fund based upon hours worked or paid to all employees performing bargaining unit work, (ii) to file remittance reports with the Pension Fund on a monthly basis and (iii) to submit to a contribution compliance audit.

Allied Painting submitted to a contribution compliance audit for the period January 1, 2001 through June 30, 2005. Based on the auditor's review of Allied Painting's records (including adjustments based on information provided by Allied Painting after the initial review was completed), the Pension Fund claims there is a substantial delinquency resulting primarily from the Company's (i) failure to report and pay fringe benefit contributions on all hours worked by employees Allied Painting otherwise reported to the Pension Fund; and (ii) failure to report and pay fringe benefit contributions on hours worked or paid to numerous employees who the Pension Fund claims were performing work covered by the Labor Contracts. In addition to the foregoing delinquency based on unreported hours, the audit also revealed a delinquency resulting from Company's use of non-union subcontractors to perform bargaining unit work.

Prior to filing the lawsuit, the parties engaged in efforts to arrive at agreement on the amount of contributions and other sums (including liquidated damages, interest, audit costs, and attorneys' fees and costs) the Company owed. These efforts were unsuccessful.

(b) Defendant's Statement of the Case.

Defendant denies Plaintiffs' allegations and contends Plaintiffs' audit is inaccurate and misidentifies the work performed by Defendant's employees.






II. Matters Governed by Local Rule 16.3(c):

The parties further stipulate and agree to the following matters pursuant to Local Rule 16.3(c) as amended and Rule 26 of the Federal Rules of Civil Procedure:

1. The case, in whole or in part, may be disposed of by dispositive motion, and the parties reserve their respective rights to file such a motion.

2. The parties agree that any remaining non-parties should be joined and all pleadings be amended by no later than April 1, 2006. The parties believe the legal and factual issues will be narrowed by the close of discovery.

3. The parties agree that this case may be assigned to a magistrate judge for discovery purposes only. This case should not be assigned to a magistrate judge for trial.

4. The parties have and are continuing to discuss settlement and believe it to be a viable and very realistic option.

5. Counsel do not believe that this matter would benefit from alternative dispute resolution.

6. The parties are reasonably certain that this matter could eventually be resolved, at least, in part by summary judgment. The parties submit that summary judgment motions should be due 45 days after conclusion of discovery. A party shall have 30 days from the date it is served with a motion for summary judgment to file and serve any opposition. Any reply memoranda must be submitted in accordance with Local Civil Rule 7. The decision date on a dispositive motion should be within 30 days of the reply deadline date.

7. The parties agree to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, except that each party shall be required to identify individuals who may have discoverable information that that party may use to support its claims

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete



or defenses, identifying the subject of the information. Said disclosures shall be made within fifteen (15) days of the entry of the scheduling order.

8. The parties request that the Court set July 31, 2007 as the date by which all discovery is to be completed, with the following limits on discovery:

(a) Interrogatories. Maximum of twenty-five (25) interrogatories, including parts and subparts, by Plaintiff to Defendants and vice-versa, without leave of court. Responses due in accordance with Fed. R. Civ. P. 33.

(b) Document Production. No maximum for requests for production of documents by each party to any other party. Responses due in accordance with Fed. R. Civ. P. 34.

(c) Requests of Admission. No maximum for requests for admission by each party to any other party. Responses due in accordance with Fed. R. Civ. P. 36.

(d) Depositions. Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendants. Each deposition is limited to a maximum of seven (7) hours (excluding a one (1) hour lunch break) unless extended by agreement of the parties or otherwise permitted by this Court.

9. The normal requirements for exchange of expert witness reports and information should prevail, with all depositions of experts to be completed within the discovery period.

10. As this is not a class action, all provisions regarding class action lawsuits are inapplicable.

11. There is no need for special bifurcation of trial or discovery.

12. The pre-trial conference should be scheduled for a date approximately 30 days after any decision on dispositive motions; or, if there are no dispositive motions, the pre-trial conference should be scheduled for a date approximately forty-five (45) days after the close of

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete



discovery.

13. The Court should set a trial date at the pre-trial conference, with such date to be within 30 to 60 days after the pre-trial conference.

Respectfully submitted,

By: /s/Sanford G. Rosenthal
Sanford G. Rosenthal (D.C. Bar No. 47873)
JENNINGS SIGMOND, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
Telephone: (215)351-0611

Attorney for Plaintiff

By: /s/Alexander Nemiroff_____
Alexander Nemiroff (D.C. Bar No. 454408)
ARCHER & GREINER
One Centennial Square
Haddonfield, NJ 08033
Telephone: (856) 795-2121

Attorneys For Defendant

Dated: February 6, 2007

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) | 06-2112 (RCL) |
| ALLIED PAINTING, INC. | ) | |
| Defendant | ) | |

**SCHEDULING ORDER**

Upon consideration of the Joint Status Report submitted by the parties in this action, the Court enters the following Scheduling Order:

1. All parties shall be joined and all pleadings must be amended by no later than April 1, 2007.

2. By agreement of the parties, the initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure are not required except that each party shall be required to identify individuals who may have discoverable information that that party may use to support its claims or defenses, identifying the subject of information. Said disclosures shall be made within fifteen (15) days of the entry of the scheduling order..

3. All discovery shall be completed by July 31, 2007. The parties are limited to 25 Interrogatories and 10 depositions per side. Pursuant to Federal Rules of Civil Procedure 30(a)(2) and 33(a), a party must obtain leave of Court before exceeding these limitation.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



4. Any motion or cross motion for summary judgment must be filed by September 15, 2007. Opposing memorandum must be filed by October 15, 2007. Any subsequent reply brief must be filed in accordance with Local Rule 7(d).

4. The pre-trial conference will be scheduled for a date approximately 30 days after the decision on any summary judgement motions. The parties are responsible for adhering to the requirements of Local Rule 16.5 and Federal Rule of Civil Procedure 16 with regard to this pre-trial conference.

5. The Court will set a trial date at the pre-trial conference, with such date to be within 30 to 60 days after the pre-trial conference.

AND NOW, this ___ day of _______________, 2007, it is so ORDERED.

BY THE COURT

______________________________
Royce C. Lamberth
United States District Judge

Copies to:

Sanford G. Rosenthal
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106

Alexander Nemiroff
Archer & Greiner
One Centennial Square
Haddonfield, NJ 08033